**\*\*FOR PUBLICATION\*\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CYNTHIA FUQUA as ADMINISTRATRIX, | : | Civil Action No.: 11-6043 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| ANNIE R. FUQUA, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |
| SHARON GIBSON as ADMINISTRATRIX, | : | Civil Action No.: 11-6045 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| EDDIE GIBSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |
| DELORIS PAGE as ADMINISTRATRIX, | : | Civil Action No.: 11-6047 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| CHESTER T. PAGE, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |

_____

CASSANDRA KELLY as                    :
ADMINISTRATRIX,                       :     Civil Action No.: 11-6048 (FLW)
and ADMINISTRATRIX AD                 :
PROSEQUENDUM OF THE ESTATE OF         :
FRANCES L. BUSH,                      :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :
                                      :
BRISTOL-MYERS SQUIBB COMPANY,         :
et al.,                               :
          Defendants.                 :
_____   :

MARCIA FITZ as ADMINISTRATRIX,        :     Civil Action No.: 11-6051 (FLW)
and ADMINISTRATRIX AD                 :
PROSEQUENDUM OF THE ESTATE OF         :
WINIFRED FITZ,                        :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :
                                      :
BRISTOL-MYERS SQUIBB COMPANY,         :
et al.,                               :
          Defendants.                 :
_____   :

ANDRE LONG as ADMINISTRATOR           :     Civil Action No.: 11-6053 (FLW)
and ADMINISTRATOR AD                  :
PROSEQUENDUM OF THE ESTATE OF         :
JUANITA LONG,                         :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :
                                      :
BRISTOL-MYERS SQUIBB COMPANY,         :
et al.,                               :
          Defendants.                 :
_____   :

| | | |
|---|---|---|
| PHYLLIS LONG as ADMINISTRATRIX, | : | Civil Action No.: 11-6055 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| DELORIS LONG, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |
| DAPHNE COOK as ADMINISTRATRIX, | : | Civil Action No.: 11-6059 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| MADELINE HIGGINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |
| VERNON N. STEWART as | : | Civil Action No.: 12-3533 (FLW) |
| ADMINISTRATOR | : | |
| and ADMINISTRATOR AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| VIVIAN N. STEWART, | : | |
| | : | |
| Plaintiff, | : | : |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |

-3-

| | | |
|---|---|---|
| DORIS SIMMONS as ADMINISTRATRIX, | : | Civil Action No.: 12-3534 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| FANNIE B. SULLEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| KAREN JAMES as ADMINISTRATRIX, | : | Civil Action No.: 12-3535 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| JUANITA L. JAMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ROCHELLE JAMES, et al., | : | Civil Action No.: 12-3536 (FLW) |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |

_____

AMALIA SCHLUETER  as               :
ADMINISTRATRIX,                    :        Civil Action No.: 12-3537 (FLW)
and ADMINISTRATRIX AD              :
PROSEQUENDUM OF THE ESTATE OF      :
CAROLINE GENITO,                   :
                                   :
           Plaintiff,              :
                                   :
v.                                 :
                                   :
BRISTOL-MYERS SQUIBB COMPANY,      :
et al.,                            :
           Defendants.             :
_____          :

ROSIE ROBINSON as ADMINISTRATRIX, :         Civil Action No.: 12-3543 (FLW)
and ADMINISTRATRIX AD              :
PROSEQUENDUM OF THE ESTATE OF      :
ARTHUR JAMES ANDERSON,             :
                                   :
           Plaintiff,              :
                                   :
v.                                 :
                                   :
BRISTOL-MYERS SQUIBB COMPANY,      :
et al.,                            :
           Defendants.             :
_____          :

HENRY THOMAS as ADMINISTRATOR      :        Civil Action No.: 12-3538 (FLW)
and ADMINISTRATOR AD               :
PROSEQUENDUM OF THE ESTATE OF      :
NELLIE LONG THOMAS,                :
                                   :
           Plaintiff,              :
                                   :
v.                                 :
                                   :
BRISTOL-MYERS SQUIBB COMPANY,      :
et al.,                            :
           Defendants.             :
_____          :

DORIS KING  as ADMINISTRATRIX,  : Civil Action No.: 12-3542 (FLW)
and ADMINISTRATRIX AD :
PROSEQUENDUM OF THE ESTATE OF :
MARY RATLIFF, :
 :
   Plaintiff, :
 :
v. :
 :
BRISTOL-MYERS SQUIBB COMPANY, :
et al., :
   Defendants. :
 :

SHELI HUGHES as ADMINISTRATRIX, : Civil Action No.: 12-3547 (FLW)
and ADMINISTRATRIX AD :
PROSEQUENDUM OF THE ESTATE OF :
MARJORIE BROWN-SAMPSON, :
 :
   Plaintiff, :
 :
v. :
 :
BRISTOL-MYERS SQUIBB COMPANY, :
et al., :
   Defendants. :
 :

PAMELA HIGGINS  as ADMINISTRATRIX : Civil Action No.: 12-3548 (FLW)
and ADMINISTRATRIX AD :
PROSEQUENDUM OF THE ESTATE OF :
GEORGE HIGGINS, :
 :
   Plaintiff, :
 :
v. :
 :
BRISTOL-MYERS SQUIBB COMPANY, :
et al., :
   Defendants. :
 :

_____

SAMANTHA TAYLOR  as                  :
ADMINISTRATRIX,                      :        Civil Action No.: 12-3550 (FLW)
and ADMINISTRATRIX AD                :
PROSEQUENDUM OF THE ESTATE OF        :
JANICE M. PETERSON,                  :
                                     :
   Plaintiff,         :
                                     :
v.                                   :
                                     :
BRISTOL-MYERS SQUIBB COMPANY,        :
et al.,                              :
   Defendants.         :
_____    :
WILLIAM TERRELL as ADMINISTRATOR, :         Civil Action No.: 12-3551 (FLW)
and ADMINISTRATOR AD                 :
PROSEQUENDUM OF THE ESTATE OF        :
WILLIE W. TERRELL,                   :
                                     :
   Plaintiff,         :
                                     :
v.                                   :
                                     :
BRISTOL-MYERS SQUIBB COMPANY,        :
et al.,                              :
   Defendants.         :
_____    :
LISA SANDERS-ALI as ADMINISTRATRIX :        Civil Action No.: 12-3553 (FLW)
and ADMINISTRATRIX AD                :
PROSEQUENDUM OF THE ESTATE OF        :
JANISSE WELCH,                       :
                                     :
   Plaintiff,         :
                                     :
v.                                   :
                                     :
BRISTOL-MYERS SQUIBB COMPANY,        :
et al.,                              :
   Defendants.         :
_____    :

| | | |
|---|---|---|
| GEORGETTE GREENE  as | : | |
| ADMINISTRATRIX, | : | Civil Action No.: 12-5774 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| GEORGIANNA JENKINS, | : | |
| | : | |
|      Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
|      Defendants. | : | |
| | : | |
| ADRIENNE JENKINS as | : | |
| ADMINISTRATRIX, | : | Civil Action No.: 12-5793 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| MARGARET SIMONSON, | : | |
| | : | |
|      Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
|      Defendants. | : | |
| | : | |
| TERRY TINLEY as ADMINISTRATRIX | : | Civil Action No.: 12-5796 (FLW) |
| and ADMINISTRATRIX AD | : | |
| PROSEQUENDUM OF THE ESTATE OF | : | |
| LEWIS TINLEY, JR., | : | |
| | : | |
|      Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB COMPANY, | : | |
| et al., | : | |
|      Defendants. | : | |

-8-

**WOLFSON, District Judge**:

The above-captioned matters are toxic tort actions brought by administrators or administratrices on behalf of the respective decedents (collectively "Plaintiffs"), against Defendant Bristol-Myers Squibb Co. ("BMS" or "Defendant").  Defendant timely removed these cases from state court, where a parallel mass tort litigation is pending.[1]  In these federal actions, Plaintiffs seek, <u>inter alia</u>, pecuniary losses that allegedly arose from the decedents' exposure to, and death from, toxic substances emitted from a BMS facility located in New Brunswick, New Jersey, pursuant to the New Jersey Wrongful Death Act, N.J.S.A. 2A:312-1, <u>et seq.</u>  Here, Defendant moves to dismiss those claims for failure to comply with the Act's applicable two-year statute of limitations.  For the reasons set forth herein, Defendant's motions are **GRANTED**, and Plaintiffs' wrongful death claims are dismissed without prejudice.

BACKGROUND

### 1.    Plaintiffs' Complaints

For the purposes of these motions, the Court need not recount facts regarding each of the plaintiffs; rather, a brief recitation of the procedural history will suffice.  In and around May 2008, Plaintiffs' counsel filed more than a hundred identical complaints

---

[1]     The removed state court actions and others previously filed had been granted mass tort status by the New Jersey Supreme Court in late 2008, and they were assigned to the Honorable Carol E. Higbee, Judge of the Superior Court, Law Division, Atlantic County.

in New Jersey state court against BMS alleging exposure to harmful chemicals from BMS's New Brunswick plant.   More recently, Plaintiffs' counsel began filing more complaints in state court, which were then removed by Defendant.  Included in those complaints are the wrongful death claims asserted by Plaintiffs in these matters.

Specifically, Plaintiffs allege that decedents, who were living in close proximity to BMS's facility in New Brunswick, New Jersey, suffered fatal bodily injuries and illnesses as a result of their alleged exposure to toxic substances emitted from the facility.  <u>See</u> Third Amended Master Complaint (the "Complaint"), ¶¶ 5, 19.  In addition to other survivorship claims – which are not the subject of Defendant's motion to dismiss – Plaintiffs brought wrongful death claims on behalf of the heirs-at-law, who allege that they were dependent upon the respective decedents and sustained pecuniary losses as a result of their deaths.   <u>See</u> Compl., ¶¶ 111-112.  It is not disputed that all the wrongful death claims in these twenty-four actions were filed more than two years after the death of each decedent.

Consequently, Defendant posits that Plaintiffs should be time barred from bringing such claims.  In that connection, Defendant submits that the discovery rule principles do not apply to toll the limitations provision for wrongful death claims.  In response, Plaintiffs maintain that the discovery rule and other principles of

equitable tolling are applicable to save their otherwise untimely claims.

2.          **State Court Actions**

This is not the first time that the parties have brought this issue to a court. In the parallel state mass tort actions, Defendant had moved, in late 2008, to dismiss similar wrongful death claims brought by state plaintiffs based on the same statute of limitations grounds.    Likewise, those plaintiffs raised substantially similar discovery rule and equitable arguments as do Plaintiffs in this case.[2]   The state court (the "State Court") rendered a written opinion on the dispute.

On the issue of whether the Wrongful Death Act's statute of limitations can be tolled by the discovery rule, the State Court, having conducted a review of the relevant case law, held that the Supreme Court of New Jersey "may be inclined" to apply discovery rule for tolling purposes.  See In re Bristol-Myers Squibb Env. Contamination Litig., No. 281, slip op. at 6 (N.J. Super. Ct. Law Div. Jan. 28, 2009) ("In re Bristol-Myers"). The State Court also went on to hold that equitable tolling may be appropriate in situations when "the complainant has been induced or tricked by his [or her] adversary's misconduct into allowing the filing deadline to pass."  Id. at 7 (citations and internal quotations omitted).

---

[2]      Indeed, the state and federal plaintiffs are all represented by the same law firms.

Ultimately, resting its decision on a theory of fraudulent concealment, the State Court found that if there is any evidence – revealed during discovery – that "the defendant behaved in such a way to prevent plaintiff from ascertaining [its] identity [in order to bring wrongful death claims]," equitable tolling would be appropriate. Id. at pp. 7-8. In that connection, the court refused to dismiss the state plaintiffs' wrongful death claims without first affording plaintiffs an opportunity to take discovery to explore their equitable defenses to the statute of limitations bar.

On the motions before this Court, Defendant asks me to revisit the statute of limitations question. More specifically, the relevant inquiry here is whether the discovery rule or any other equitable principles should apply to toll the statute of limitations for these Plaintiffs who have waited many years long after the statute of limitations has run to bring their wrongful death claims.

## DISCUSSION

## I.  Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d

224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. The Court held that the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court explained as follows. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Moreover, in deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims

require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (citations and quotations omitted). Moreover, claims may be properly dismissed on a motion to dismiss for failure to comply with the statute of limitations only if it is apparent from the face of the pleadings that the statutory bar adheres. See Brody v. Hankin, 145 Fed. Appx. 768, 771 (3d Cir. 2005).

## II.  Discovery Rule

Pursuant to the Wrongful Death Act,

[w]hen the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime.

N.J.S.A. 2A:31-1; see Smith v. Whitaker, 160 N.J. 221, 231 (1999) ("the fundamental purpose of a wrongful death action is to compensate survivors for the pecuniary losses they have suffered because of the tortious conduct of others" (citations and internal quotations omitted)).

-14-

The initial inquiry here is whether the discovery rule can toll the Act's statute of limitations for Plaintiffs' wrongful death claims.  In making that determination, this Court, sitting in diversity, has to predict how the New Jersey Supreme Court would decide an issue that has not been resolved by the Supreme Court. Resolution Trust Corp. v. Fidelity & Deposit Co. of Maryland, 205 F.3d 615, 637 (3rd Cir. 2000).  Moreover, although state intermediate appellate decisions are not controlling, the U.S. Supreme Court, in In West v. A.T.&T. Co., 311 U.S. 223, 237 (1940), has advised that "an intermediate appellate state court . . . is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Id.; Edwards v. Hovensa, LLC, 497 F.3d 335, 361 (3rd Cir. 2007).

The Wrongful Death Act has an express limitation that such cause of action "be commenced within 2 years after the death of the decedent, and not thereafter, provided, however, that if the death resulted from murder, aggravated manslaughter or manslaughter for which the defendant has been convicted, found not guilty by reason of insanity or adjudicated delinquent, the action may be brought at any time."  N.J.S.A. 2A:31-3.  There can be no real disagreement that the purpose of such a stringent limitation is to establish a specific fixed object event, i.e., death, for the triggering of the statutory limitations period. See Miller v. Estate of Sperling, 166

N.J. 370, 383 (2001) ("in the great majority of jurisdictions which have considered the question, the limitation period applicable to a cause of action for wrongful death--whether contained in the statute creating the cause of action or in general statutes of limitation--begins to run from the date of death" (citations omitted)).  Moreover, this period of limitation has been regarded as "an indispensable condition" of the right to maintain a wrongful death action. Peters v. Public Serv. Corp., 132 N.J. Eq. 500, 507 (Ch. Div. 1942), aff'd per curiam, 133 N.J. Eq. 283 (E. & A. 1943).

Therefore, while the New Jersey Supreme Court has declined to address the issue of whether the discovery rule can toll the statute of limitations for wrongful death claims,[3] the Appellate Division has found on several occasions that the discovery rule does not preserve an untimely wrongful death claim because that rule applies only "to an accrual period of limitations," not to a limitations provision "based upon a fixed objective event," such as "death," which is the triggering event for the Wrongful Death Act limitations provision, N.J.S.A. 2A:31-3.   See Bernoskie v. Zarinsky, 344 N.J. Super. 160, 165-66 (App. Div. 2001); Presslaff v. Robins, 168 N.J. Super. 543, 546 (App. Div. 1979); Hernandez v.

---

[3]   See Lafage v. Jani, 166 N.J. 412, 420 (2001)(declining "to address the broader question [of] whether the discovery rule generally should be applicable to Wrongful Death Act claims"). But, see, Id. at 446 (the dissenting opinion in Lafage recognized that "[t]he cases rejecting application of the discovery rule to wrongful-death statutes are legion." (LaVecchia, J., concurring in part, dissenting in part)).

St. James Hosp., 214 N.J. Super. 538, 542 (App. Div. 1986) (citing Presslaff and holding the discovery rule does not apply to a cause of action under the New Jersey Wrongful Death Statute); see also Whalen v. Young, 28 N.J. Super. 543, 547 (Law Div. 1953) (strict adherence to two-year limitation period from date of death), rev'd on other grounds, 15 N.J. 321 (1954).

Indeed, this line of reasoning is consistent with the operation of the discovery rule: the rule may only be invoked "when injured parties reasonably are unaware that they have been injured or, although aware of an injury, do not know that the injury is attributable to the fault of another."  Baird v. American Med. Optics, 155 N.J. 54, 66 (1998).  It follows that "a statute forbidding the institution of an action, otherwise maintainable, later than a period of years after a fixed objective event, generally precludes the operation of the discovery rule." Evernham v. Selected Risks Insurance Co., 163 N.J. Super. 132, 136 (App. Div. 1978); see, e.g., Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243, 248 (1954); Lawrence v. Bauer Publishing & Printing Ltd., 78 N.J. 371 (1979), rev'g on dissent below 154 N.J. Super. 271, 276 (App. Div. 1977); Rosenberg v. North Bergen, 61 N.J. 190 (1972).

Echoing the reasoning of the state courts that the discovery rule does not apply to New Jersey wrongful death claims, courts in this district have at least twice ruled the same.  Those courts

explained that because the limitations provision of the Wrongful Death Act is based upon a fixed objective event, the discovery rule is not applicable for tolling purposes.  See Anderson v. County of Monmouth, No.05-1809, 2005 U.S. Dist. LEXIS 37657, at *33-*34 (D.N.J. Dec. 30, 2005); Hitchings v. Armstrong World Indus., No. 87-2936, 1988 U.S. Dist. LEXIS 6394 (D.N.J. Jun. 29, 1988) (declining to apply the discovery rule to a wrongful death cause of action).

Here, although it appears that there is no authority squarely supporting their position, Plaintiffs maintain that the State Court's decision in In re Bristol-Myers foreclosed this issue; Plaintiffs rely on that decision for the proposition that the discovery rule applies to toll the statute of limitations under the Wrongful Death Act.  However, that is not the basis upon which the State Court ultimately rested its decision.  Rather, the State Court recognized that the Supreme Court has expressly permitted certain equitable principles to toll the Wrongful Death Act, although none of those has been in the context of the discovery rule.  See In re Bristol-Myers, slip op. at 6 (finding that the New Jersey Supreme Court clearly stated that the Wrongful Death Act can be equitably tolled in certain instances).[4]

---

[4]     To be fair, the State Court also opined that the New Jersey Supreme Court "may be inclined" to apply the discovery rule to toll the statute of limitations for wrongful death claims.  See In re Bristol-Myers, slip op. at 6.  For the reasons stated herein, infra, I do not agree with this prediction.

Before I discuss whether any equitable doctrine may serve to toll the statute of limitations under the Wrongful Death Act, this Court holds that, consistent with state and federal authorities in New Jersey, and a lack of any persuasive policy or legislative rationale to the contrary, the discovery rule does not apply to toll the statute of limitations provision under the Wrongful Death Act. Indeed, none of the concerns expressed by the Supreme Court in <u>LaFage</u> and <u>Negron</u>[5] are present in the application of the discovery rule here. Rather, Plaintiffs' wrongful death claims accrued when the decedents died allegedly as a result of Defendant's wrongdoing. In that connection, the decedents' deaths provided these Plaintiffs the notice to investigate the cause of death through the means available at the time of death. Thus, there is no basis to extend the application of the discovery rule to permit the filing of wrongful death actions beyond the specified statutory period. In fact, numerous cases across the country share this view. <u>See</u> <u>Tennimon v. Bell Helicopter Textron, Inc.</u>, 823 F.2d 68, 72-73 (5th Cir. 1987); <u>Aberkalns v. Blake</u>, 633 F. Supp. 2d 1231, 1235 (D. Colo. 2009); <u>Stroud v. Abington Mem. Hosp.</u>, No. 06-4840, 2008 U.S. Dist. LEXIS 38999, at *29 (E.D. Pa. May 13, 2008); <u>Bourassa v. La Fortune</u>, 711 F. Supp. 43, 45 (D. Mass. 1989);

Nonetheless, the State Court based its ruling on other equitable considerations.

[5]     These two New Jersey Supreme Court decisions are discussed more fully below.

DeCosse v. Armstrong Cork Co., 319 N.W.2d 45, 52 (Minn. 1982); Krueger v. St. Joseph's Hospital, 305 N.W.2d 18, 23 (N.D. 1981); Trimper v. Porter-Hayden, 305 Md. 31 (1985); Morano v. St. Francis Hosp., 420 N.Y.S.2d 92 (N.Y. Sup. Ct. 1979); Trentadue v. Gorton, 738 N.W.2d 664, 670 (Mich. 2007).

### III. Equitable Tolling and Fraudulent Concealment

To ameliorate the sometimes harsh and unjust impact of certain statute of limitations provisions, the New Jersey Supreme Court has adopted equitable doctrines that may be invoked by an injured party to extend the time for filing a claim beyond what would be allowed under a rigid application of a particular statute of limitations. See, e.g., LaFage v. Jani, 166 N.J. 412, 420-31 (2001) (infancy tolling); Negron v. Llarena, 156 N.J. 296, 304-05 (1998) (substantial compliance). These doctrines recognize that "[u]nswerving 'mechanistic' application of statutes of limitations would at times inflict obvious and unnecessary harm upon individual plaintiffs without advancing [the] legislative purposes" of providing repose for potential defendants and sparing the courts from the burden of hearing stale claims. Galligan v. Westfield Centre Service, Inc., 82 N.J. 188, 192 (1980). Indeed, the "Supreme Court has applied these doctrines not only to what are commonly called 'procedural' statutes of limitations, which bar only a remedy but not the right that existed at common law, but also to 'substantive' statutes of limitations which establish a

condition precedent to filing a claim that did not exist at common law." Bernoskie, 344 N.J. Super. at 164-65; see, e.g., LaFage, 166 N.J. at 420-31; Negron, 156 N.J. at 300-04; White v. Violent Crimes Compensation Bd., 76 N.J. 368, 374-78 (1978).

To illustrate, in LaFage, the Supreme Court discussed extensively the origin of the Wrongful Death Act and found that the Act is a codification of New Jersey common law. LaFage, 166 N.J at 434. As a result, this common law origin serves as an independent basis on which to allow the equitable tolling of the Act. Id. To reconcile the language of the statute of limitations provision of the Wrongful Death Act, the Court reasoned that the death of a parent was essentially an injury to the child, much like a child's own physical injury, and therefore the child's wrongful death claim should be tolled until he/she reaches the age of maturity. Id. at 427. The Court went on to state that the legislature could not have intended to foreclose the possibility of a child bringing a wrongful death claim once he/she reaches maturity under the law. Id. at 430.

Similarly, the Supreme Court also extended the substantial compliance doctrine to toll the statute of limitations of wrongful death claims. See Negron, 156 N.J. at 305-07. Like LaFage, the Court delved into the legislature's intent and public policy and found that "there is nothing reflective in the objectives of [the Wrongful Death Act] or its history that suggests the Legislature

-21-

intended to foreclose the familiar doctrine of substantial compliance in the [statute of limitations] context." <u>Id.</u> at 304 (citations and quotations omitted).

Based on the rationale of these Supreme Court cases and their progeny, the State Court, in <u>In re Bristol-Myers</u>, found that while "the discovery rule in WDA is somewhat unclear," <u>Id.</u>, slip op. at 9, equitable tolling may be appropriate in circumstances where an adversary's "misconduct prevents a claimant from filing within the limitation period." <u>Id.</u> at 7 (citing <u>Freeman v. State of New Jersey</u>, 347 N.J. Super 11, 31 (App. Div. 2002)). Under that scenario, a "defendant's conduct is relevant to the availability of a statute of limitations defense," <u>see</u> <u>Zaccardi v. Becker</u>, 88 N.J. 245, 257 (1982), as equitable tolling has been applied when "the complainant has been induced or tricked by his [or her] adversary's misconduct into allowing the filing deadline to pass." <u>Freeman</u>, 347 N.J. Super at 31. The State Court, in <u>In re Bristol-Myers</u>, ultimately found that the state plaintiffs' allegations that Defendant BMS withheld information about the contamination in question may be sufficient to toll the statute of limitations. In essence, the State Court permitted the state plaintiffs to proceed with discovery on a defense of fraudulent concealment.[6]

---

[6] In New Jersey, the discovery rule is distinct from the issue of whether a party is equitably estopped from invoking the statute of limitations. The discovery rule operates to toll the statute of limitations during the period the plaintiff's injury or its cause was neither known nor reasonably knowable to the

Because I have rejected Plaintiffs' reliance on the discovery rule, I next determine whether the doctrine of fraudulent concealment applies as a means to toll the statute of limitations. Essentially, Plaintiffs argue - as the plaintiffs did in state court – that because Defendant failed and refused to disclose to its neighbors and government officials the extent and danger of the BMS toxic contamination, the factual basis for Plaintiffs' claims was fraudulently concealed from them.  In that regard, Plaintiffs maintain that the fraudulent nature of Defendant's actions made it virtually impossible for them to be diligent in pursuing their claims.

New Jersey's highest court has not determined whether fraudulent concealment would toll the statute of limitations under the Wrongful Death Act.  That being said, generally under New Jersey law, active fraudulent concealment of a cause of action tolls the running of the statute of limitations until plaintiff discovers the wrong or has reasonable notice of it.  See Tortorello

----

plaintiff.  Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 167-68 (App. Div. 2007). The separate doctrine of fraudulent concealment "tolls the statute based on an estoppel theory and provides that a defendant may not invoke the statute of limitations if through either intentional or unintentional fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his duty of inquiry into the facts." Id. at 168. The former doctrine involves a plaintiff's lack of knowledge and the latter doctrine pertains to a defendant's conduct after the cause of action arose.  See Villalobos v. Fava, 342 N.J. Super. 38, 45-46(App. Div.), cert. denied, 170 N.J. 210 (2001).

v. Reinfel, 6 N.J. 58, 67 (1950); O'Keeffe v. Snyder, 83 N.J. 478, 498 (1980); Trinity Church, 394 N.J. Super at 168; Hauptmann v. Wilentz, 570 F. Supp. 351, 397 (D.N.J. 1983); Kohler v. Barnes, 123 N.J. Super. 69, 79, 301 A.2d 474 (Law Div. 1973); Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1475 (D.N.J. 1986); Foodtown v. Sigma Marketing Systems, Inc., 518 F. Supp. 485, 488 (D.N.J. 1980); Osadchy v. Gans, 436 F. Supp. 677, 681 (D.N.J. 1977); Zimmerman v. Cherivtch, 5 N.J. Super. 590, 593-94 (Law Div. 1949). This is consistent with the federal rule. See D.D. v. Idant Labs., 374 Fed. Appx. 319, 323 (3d Cir. 2010); In re Aspartame Antitrust Litig., 416 Fed. Appx. 208, 211 (3d Cir. 2011); Holmberg v. Armbrecht, 327 U.S. 392 (1946); Hauptmann, 570 F. Supp. at 397.

Despite New Jersey's stance on fraudulent concealment as a means to toll statutes of limitations, because of the limiting language of the statute of limitations provision in the Wrongful Death Act, this Court, to predict how the New Jersey Supreme Court would rule on the issue, would necessarily need to engage in an in-depth analysis of, inter alia, public policy and legislative intent before applying the doctrine in this context, consistent with the guidance of LaFage and Negron. I need not undertake this task, however; for one, it is prudent for a federal court sitting in diversity to allow state courts to interpret their own state laws and the applications of such laws whenever appropriate. In re Processed Egg Prods. Antitrust Litig., 851 F. Supp. 2d 867, 935-36

(E.D. Pa. 2012); Denzel v. S.O.S. Products Company, Inc., 2010 U.S. Dist. LEXIS 88779, at *30 (E.D. Pa. 2010); see also, Klein v. United States, 537 F.3d 1027, 1032 (9th Cir. 2008); Emery v. Clark, 604 F.3d 1102, 1120 (9th Cir. 2010). More importantly, even if I were to apply the doctrine, Plaintiffs have not sufficiently pled the elements of this equitable defense to warrant its application. I will turn to that discussion.

In New Jersey, two types of so-called "fraudulent concealment" may toll the statute of limitations. In the first, the underlying events being sued upon involve fraud that by its nature is concealed. See, e.g., Roberts v. Magnetic Metals Co., 611 F.2d 450, 462 (3d Cir. 1979) (Seitz, C.J. dissenting); Kyle v. Green Acres at Verona Inc., 44 N.J. 100, 109 (1965); Hyland v. Kirkman, 157 N.J. Super. 565, 581 (Ch. Div. 1978)(finding that the recording of a deed, itself a fraud and a fabrication, can not serve as notice of the fraud inherent in its creation). In the second, defendant makes some affirmative, independent effort to conceal the events or circumstances surrounding the underlying cause of action, irrespective of whether those underlying events are inherently fraudulent or not. See Foodtown,518 F. Supp. at 492-94 (D.N.J. 1981); Lopez v. Swyer, 62 N.J. 267, 275 n. 2 (1973); see also Gee v. CBS, Inc., 471 F. Supp. 600, 623 (E.D. Pa.), aff'd, 612 F.2d 572 (3d Cir. 1979). In both cases, the statute is tolled until plaintiff discovers, or in the exercise of reasonable diligence

should discover, the wrong.  In this case, Plaintiffs rely on the second type of fraudulent concealment.

While New Jersey courts are not explicit as to the elements a plaintiff must pled in order to invoke fraudulent concealment, the Third Circuit has enunciated the following factors: "(1) fraudulent concealment; (2) failure on the part of the plaintiff to discover his cause of action notwithstanding such concealment; and (3) that such failure to discover occurred [notwithstanding] the exercise of due care on the part of the plaintiff." In re Aspartame, 416 Fed. Appx. at 211 (citations omitted). These factors must be plead with particularity pursuant to Rule 9(b). Kontonotas v. Hygrosol Pharm. Corp., 424 Fed. Appx. 184, 187 (3d Cir. 2011).

Here, aside from conclusory allegations of fraud in their Complaints, Plaintiffs have not pled the elements, nor the circumstances of, fraudulent concealment to pass Rule 12(b)(6) muster.  Plaintiffs allege that in 1988, "regulations promulgated by the New Jersey Department of Environmental Protection (NJDEP) required [BMS] to investigate for and remediate contamination at the Site." Compl., ¶ 25.  However, Plaintiffs claim that Defendant "failed and refused and continue to fail and refuse to fully and properly investigate, disclose and remediate the contamination." Id., ¶ 26.  In that connection, Plaintiffs complain that Defendant "fail[s] and refuse[s] to disclose to the public in general, to appropriate agencies and officials of the State of New Jersey or to

Plaintiff/s in particular what [it] knew to be the true extent and magnitude of contamination at the Site." Id., ¶¶ 27, 49.  Because of this alleged concealment, Plaintiffs submit that "[Defendant] owed Plaintiffs a duty of care to disclose to him/her/them and to public authorities, and or agencies, all of the facts material to the nature, extent, magnitude, and effects of the exposure . . . to the contaminants emitted, released and discharged at and from the Site." Id., ¶ 83, 85.  In fact, Plaintiffs accuse Defendant of "intentionally alter[ing] or destroy[ing] information that would have disclosed the full extent of the contamination . . . ." Id., ¶ 106. Throughout their Complaints, Plaintiffs repeat these general concealment allegations. See, e.g., ¶¶ 86, 89, 93, 96, 103-106. Simply put, Plaintiffs' theory of concealment is based upon the allegations that because Defendant was fully aware that certain contaminants were discharged at the BMS's Site, Defendant should have disclosed that information to the public, and the failure to do so was fraudulent and to Plaintiffs' detriment.

     As to the first factor – Defendant's conduct of fraudulent concealment – Plaintiffs' allegations are not sufficient to meet the strictures of Rule 9(b).  In order for Plaintiffs to properly plead a fraudulent act, they must allege "the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).  To

satisfy this standard, Plaintiffs must plead, <u>inter</u> <u>alia</u>, "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." <u>Id.</u>; <u>see</u> <u>In re Supreme Specialties, Inc. Sec. Litig.</u>, 438 F.3d 256, 276-77 (3d Cir. 2006)(the Third Circuit advised that pursuant to Rule 9(b), at a minimum, a plaintiff must support his/her allegations of fraud with all the essential factual background that would accompany "'the first paragraph of any newspaper story' – that is, the 'who what, when, where and how' of the events at issue"(citations omitted)). Moreover, a complaint must do more than assert generalized facts, it must allege facts specific to the plaintiff. <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 658-59 (3d Cir. 1998)(where the complaint failed to allege "what actually happened to either" of the plaintiffs, the complaint did not plead "fraud with the specificity required by Rule 9(b)").

Indeed, Plaintiffs fail to allege the specifics of the concealment to which they refer. Other than assertions that Defendant fraudulently and improperly withheld certain information regarding contaminants, Plaintiffs did not allege, for instance, (1) when did the alleged concealment or destruction of evidence take place; (2) other than some general information regarding contaminants, what particular information was concealed or destroyed by Defendant; (3) how did Defendant carry out its

-28-

fraudulent conduct; and (4) how did the alleged concealment affect each particular plaintiff. These missing allegations are important because they provide specificity and inject precision to Plaintiffs' theory of concealment. Without them, Plaintiffs' averment of fraud is only supported by conclusory, generalized facts, which are prohibited by Rule 9(b).

Additionally, Plaintiffs simply fail to properly plead the remaining factors of fraudulent concealment. While Plaintiffs allege that they were unable to obtain access to the concealed information regarding the contamination, see, e.g., Compl., ¶ 105, they fail to aver what actions they took to discover that information and, relatedly, the Complaints are also devoid of any facts relating to the exercise of due diligence on the part of Plaintiffs to discover the existence of fraud notwithstanding Defendant's alleged wrongdoing. More particularly, Plaintiffs neglect to assert any facts regarding their due diligence in ascertaining the cause of death of the respective decedents as it relates to Defendant's concealment of contamination. Importantly, those allegations should be specific to each plaintiff's conduct, and not be pled in a generalized manner. In short, these glaring deficiencies preclude the Court from applying an equitable tolling doctrine that is generally used sparingly. Jenkins v. Superintendent of Laurel Highlands, No. 10-4410, 2013 U.S. App. LEXIS 1004, at *20 (3d Cir. Jan. 15, 2013) ("[w]e extend the remedy

of equitable tolling only 'sparingly'" (citing <u>Urcinoli v. Cathel</u>, 546 F.3d 269, 278 (3d Cir. 2008))).

The State Court, in <u>In re Bristol-Myers</u>, expressed that there was a dearth of evidence in 2008 evincing fraudulent concealment. Therefore, the State court permitted the state plaintiffs to proceed with discovery to ascertain any facts that would potentially support their position.  Now, more than four years later, Plaintiffs in these federal actions, having had the benefit of the state court litigation – as they are represented by the same counsel – have filed complaints here that are substantially similar to those brought in the State Court four years ago.  No more specifics are included in these Complaints to buttress Plaintiffs' claims of fraudulent concealment.  Clearly, these pleadings do not meet the requirements of a properly pled concealment defense.[7] Therefore, there is no basis for this Court to apply the doctrine to toll Plaintiffs' untimely wrongful death claims.  As a result, these claims are dismissed without prejudice.

Finally, if Plaintiffs have, or discover, sufficient facts that would support the application of the doctrine, they may timely move to amend their Complaints.  However, those amendments must adhere to the requirements as set forth in this Opinion. At that time, if appropriate, the Court will predict whether the New Jersey

---

[7]    Whether this deficiency is due to inadequate pleading or because Plaintiffs have discovered no facts to support their fraudulent concealment theory, the Court does not know.

Supreme Court would likely apply the doctrine of fraudulent concealment to wrongful death claims.


DATED:    February 15, 2013                    /s/ Freda L. Wolfson
                                               Freda L. Wolfson
                                               District Judge